# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CLANCY LOUIS JACOBS,

                          Plaintiff,

v.                                                    Case No. 16-CV-904-JPS

KYLE WAGNER,                                **ORDER**

                        Defendant.

**1.     INTRODUCTION**

Plaintiff Clancy Louis Jacobs ("Jacobs"), a prisoner, brought this action pursuant to 42 U.S.C. § 1983 against defendant Kyle Wagner ("Wagner"), a correctional official at Oshkosh Correctional Institution ("OCI"), for using excessive force against him in violation of his Eighth Amendment rights. Wagner filed a motion for summary judgment, and the motion has been fully briefed. (Docket #27-31, #33-40, #41-43). For the reasons stated below, the Court will grant summary judgment in favor of Wagner and dismiss this action with prejudice.

**2.     STANDARD OF REVIEW**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the non-movant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). The court must not weigh the evidence presented or determine credibility of witnesses; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chicago Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). The party opposing summary judgment "need not match the movant witness for witness, nor persuade the court that [his] case is convincing, [he] need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

3.  **RELEVANT FACTS**[1]

Jacobs is an inmate in the custody of the Wisconsin Department of Corrections. At all times relevant to this lawsuit, Jacobs was incarcerated at OCI and Wagner was a correctional officer at OCI.

The focal point of this lawsuit arose from a brief encounter between Jacobs and Wagner on December 30, 2015. That evening, Jacobs was in a dayroom, or common area, of his housing unit at OCI, seated on chair near a table with his feet propped up on another chair, chatting with two other inmates. Wagner entered the dayroom and walked in Jacobs' direction. As he turned to walk around the table where Jacobs was seated, Wagner looked the other way and, as he did, his foot made contact with the chair on which Jacobs' feet were resting. The chair slid away and Jacobs' feet fell to the floor. According to Jacobs, when his legs fell, his heel hit the ground,

---

[1]Unless otherwise noted, the facts stated herein are taken from the parties' proposed findings of fact and responses thereto. (Docket #29, #33, #34, #42, #43).

causing his knee to bend backward. He says this was painful, and though he did not initially think the injury was very serious, his knee swelled up after the incident and he continues to suffer from considerable pain. Jacobs believes Wagner's action was an "intentional wanton infliction of pain." (Docket #34 at 2).

Wagner immediately replaced the chair under the table where Jacobs and the two other inmates were seated, placed his hands on the back of the chair, and engaged in a brief conversation with Jacobs. Wagner then left the dayroom and Jacobs continued in conversation with his two follow inmates at the table. About nine minutes went by, after which time Jacobs got up to retrieve ice for his knee. Jacobs returned to the table a few minutes later and remained in the dayroom for several more hours. He played chess with fellow inmates and engaged in laughter and conversation.

On January 3, 2016, Jacobs reported his alleged knee injury to a nurse who examined his knee and did not observe any swelling. The nurse reported that she observed Jacobs walk with a limp as he left the health services unit, but that the limping stopped as Jacobs walked down the sidewalk to his housing unit.

Surveillance video from OCI captured the events of December 30, 2015. (Docket #30-1). The video confirms that as Wagner passed by Jacobs' table in the dayroom, his foot hit the leg of the chair on which Jacobs' feet rested, causing the chair to slide out from under Jacobs' feet. It is unclear from the video whether Wagner's action was accidental or if it was intentional horseplay. In any event, the video shows that, following the incident, Jacobs continued to engage in conversation and laughter with his fellow inmates. As he got up and walked out of the room for a couple minutes, he did not limp. When he returned to the room and for the

remainder of the evening, Jacobs did not exhibit any signs or symptoms of injury or distress.

4.  **ANALYSIS**

Jacobs raises an Eighth Amendment claim for excessive force, and Wagner opposes it by arguing, first, that his use of force was *de minimis* and, second, that he is entitled to qualified immunity. The Court begins with the merits of Jacobs' Eighth Amendment claim.

The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When an official is accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 668 (7th Cir. 2012). Several factors are relevant to this determination, including the need for force, the amount applied, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Caffey v. Maue,* 679 F. App'x 487, 491 (7th Cir. 2017).

But even when an officer's use of force serves no good-faith disciplinary purpose, the force may be so minor, or *de minimis*, that it does not violate the Eighth Amendment. *Hudson*, 503 U.S. at 9–10 ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.") (quotation and internal marks omitted). "[N]ot every push or shove by a prison guard violates a prisoner's constitutional rights." *DeWalt v. Carter*, 224 F.3d 607, 620 (7th Cir. 2000). This is particularly true when the

use of force "was a single and isolated act, unaccompanied by further uses of force." *Id.*

The force Wagner applied was *de minimis.* The instant lawsuit grew from the single incident of Wagner causing a chair to slide out from under Jacobs' feet such that Jacobs' feet fell to the floor. To be sure, this is a use of force. But no reasonable factfinder could conclude that Wagner's use of force was of the type that is "repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 10. Wagner's act of kicking a chair out from under Jacobs' elevated feet, even if intentional, does not amount to a constitutional violation. *Compare DeWalt v. Carter*, 224 F.3d 607, 620-21 (7th Cir. 2000) (shoving an inmate into a door frame causing bruising characterized as *de minimis*) *and Lunsford v. Bennett*, 17 F.3d 1574, 1582 (7th Cir. 1994) (pouring bucket of water on inmate and causing the bucket to hit him in the head characterized as *de minimis*), *with Thomas v. Stalter*, 20 F.3d 298, 301–02 (7th Cir. 1994) (punching inmate with a closed fist, while held down by other officers, qualified as more than *de minimis*).

Critical to this analysis and the Court's conclusion is the surveillance video of the incident. This video provides the definitive source for the facts notwithstanding the favorable standard of review for Jacobs. *Scott v. Harris*, 550 U.S. 372, 378–81 (2007). In *Scott*, the Supreme Court found that despite having to draw reasonable inferences in favor of the non-movant on summary judgment, the court was not constrained to believe the non-movant's version of events when a videotape existed that "utterly discredited" it. *Id.* The Court observed that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that

version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

Such is the case here, as no reasonable jury could believe Jacobs' characterization of Wagner's use of force in light of the videotape. The surveillance video shows that Wagner's foot collided with the chair on which Jacobs rested his feet, and that Jacobs' feet fell a very short distance to the floor. Jacobs did not exhibit immediate signs of pain or anger. Although he says that he got up to retrieve ice for his knee several minutes later, the video shows that he returned to the dayroom where he remained for several more hours, laughing and playing chess. Put simply, Jacobs' assertion that Wagner's act was an "intentional wanton infliction of pain," (Docket #34 at 2), is contradicted by actual footage of the event.

Because the use of force about which Jacobs complains was *de minimis*, the Court is constrained to grant judgment in Wagner's favor and dismiss Jacobs' claim. The Court need not consider Wagner's qualified immunity defense.[2]

**5.   CONCLUSION**

The Court finds that Jacobs has failed to proffer evidence raising triable issues of fact as to his Eighth Amendment claim. Rather, on the undisputed facts and evidence in the record, the Court must grant Wagner judgment as a matter of law and dismiss this action.

---

[2]One final matter for this Court is a motion to appoint counsel filed by Jacobs during the pendency of Wager's summary judgment motion. (Docket #32). Jacobs asked for the appointment of counsel twice previously in this case, *see* (Docket #6, #22), and the Court denied both requests because the defendant has proven capable of litigating this case on his own. Nothing has changed since Jacobs' first two motions for the appointment of counsel, and the Court will therefore deny his third.

Accordingly,

**IT IS ORDERED** that defendant Kyle Wagner's motion for summary judgment (Docket #27) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that plaintiff Clancy Louis Jacobs' third motion for the appointment of counsel (Docket #32) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge